FILED
2006 Jul-28  PM 04:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **ESTATE OF FRANCIS MATHER, by and through her next of kin, BOBBY LEE and BOBBY LEE, individually,** | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| **BURLINGTON NORTHERN RAILWAY, LLC, et. al,** | ) ) ) ) |
| Defendants. | ) |

Civil Action Number
**6:06-cv-01281-UWC**

## MEMORANDUM OPINION

On March 31, 2006, the Plaintiff, the Estate of Francis Mather, (the "Estate"), by and through her next of kin, initiated this wrongful death action, under §6-5-410 of the Alabama Code (1975), in the Circuit Court of Walker County. On June 30, 2006, Defendant Burlington Northern Railway, LLC ("Burlington") filed a notice of removal, an answer and a motion to dismiss. (Docs. 1, 2, 3.) To date, the Estate has failed to respond to Burlington's motion to dismiss.

"Under [the Alabama Wrongful Death Statute,] the cause of action is vested in the personal representative who acts as an agent of legislative appointment for the purpose of effectuating public policy. And this right is vested in the personal representative alone, except in the case of minors." *Downtown Nursing Home, Inc. v. Pool*, 375 So. 2d 465, 466 (Ala. 1979). "The words 'personal representative' are broader in some respects, but when used in this statute, they can only mean the executor or administrator of the injured testator or intestate." *Id.* at 466

(relying on *Hatas v. Partin*, 278 Ala. 65, 175 So. 2d 759 (1965)).  There is no evidence in the record to suggest that Bobby Lee has been appointed executor or administrator of Francis Mather's estate.

Accordingly, by separate order, Burlington's motion to dismiss will be granted and this action will be dismissed without prejudice.

Done the 28th day of July, 2006.

_____
U.W. Clemon
Chief United States District Judge